IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **GEORGE THOMAS,** : | |
| **Plaintiff,** : | |
| v.  : | Civil Action No. |
|  : | 7:06-CV-81(HL) |
| **HUBTEX MASCHINENBAU GmbH & Co** : | |
| **KG,** : | |
| **Defendant.** : | |

## ORDER

In accordance with the oral rulings of this Court on Plaintiff's and Defendant's Motions in Limine during the February 25, 2009, Pretrial Conference of this case, the Court hereby orders as follows:

1. Plaintiff's Motion in Limine to Strike the Testimony of Steven Shindell (Doc. 79), and Plaintiff's Motion to Quash Notice of Video Deposition of Steve Shindell (Doc. 81) are denied as moot. The parties agree that Shindell's deposition shall be taken and his testimony admissible subject to Defendant's compliance with Rule 26's disclosure requirements for expert witnesses.

2. Plaintiff's Motion in Limine to Strike the Testimony of Randy Frank Rizor, M.D. (Doc. 82), and Plaintiff's Motion to Quash Notice of Video Deposition of Randy Frank Rizor, M.D. (Doc. 83) are denied as moot. The parties agree that Rizor's deposition

shall be taken and his testimony admissible subject to Defendant's compliance with Rule 26's disclosure requirements for expert witnesses.

3.  Plaintiff's Motion in Limine (Doc. 100) is granted in part and denied in part. Subparts 2, 5, 6, 7, 8, 9, 10, and 11 are granted as Defendant agrees that they should be. Subpart 1 is denied as moot. The parties agreed to mutually resolve that Subpart by making Otterbein available for a deposition prior to trial. Subpart 3 is denied. The issues raised in that Subpart should be handled on individual objections. The Court reserves ruling on Subpart 4. By next Wednesday, March 4, 2009, the parties shall jointly prepare and submit a mutually agreed upon statement of material facts. Plaintiff shall attach to that statement of material facts an addendum that contains a list of statements and admissions that Defendant has made in pleadings, briefs, and affidavits submitted to this Court and where those statements and admissions are located within the record.

4.  Defendant's Motion in Limine to Bifurcate Damages and Liability (Doc. 87) is denied.

5.  The Court reserves ruling on Defendant's Motion in Limine for a Limiting Instruction (Doc. 88).

6.  Defendant's Motion in Limine to Exclude Evidence of Alternative Design and Post-Accident Modifications by Propex (Doc. 89) is denied.

7.  Defendant's Motion in Limine to Exclude Expert Report of Isaac Avitan (Doc. 86) is granted only to the extent it seeks to exclude Avitan's report from being

admitted as evidence.

8.    Defendant's Motion in Limine to Exclude Lay Witness Opinion Testimony (Doc. 90) is granted.  Plaintiff agrees that it would be inappropriate for a lay witness to express an opinion on the cause of Plaintiff's diabetes.

**SO ORDERED**, this the 26th day of February, 2009.

*s/ Hugh Lawson*<br>**HUGH LAWSON, Judge**

dhc