# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| GEORGE THOMAS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. |
|   | : 7:06-CV-81(HL) |
| HUBTEX MASCHINENBAU GmbH & Co KG, | : |
| Defendant. | : |

## ORDER

This matter is before the Court on Plaintiff's Renewed Motion in Limine to Strike the Testimony of Psychologist Steve Shindell (Doc. 128), Plaintiff's Motion to Quash Video Deposition of Steve Shindell (Doc. 129), Plaintiff's Motion in Limine to Strike the Testimony of Frank Rizor, M.D. (Doc.126), Plaintiff's Motion to Quash Video Deposition of Randy Rizor, M.D. (Doc. 127), and Plaintiff's Third Motion in Limine to Strike the Testimony of Steve Shindell (Doc. 132).

In these Motions, Plaintiff seeks to exclude the "expert" testimony of Shindell and Rizor because Defendant did not comply with Rule 26's expert report requirement. Shindell and Rizor were independent medical examiners of Plaintiff in a separate workers compensation case. Defendant contends that it did not have an obligation to provide a Rule 26 report for these witnesses because Defendant did not

1

specially retain them as experts for this trial.

After consideration of the parties briefs, the Court finds that Shindell and Rizor should be allowed to testify about their examination and diagnosis of Plaintiff. This testimony does not constitute expert testimony so as to trigger Rule 26's expert report requirement. See Taylor v. Fed. Ex. Corp., No. 03-195, 2004 U.S. Dist. LEXIS 30356 (D.Md. July 8, 2004). Rizor's and Shindell's testimony is based on their own personal knowledge and examination of Plaintiff in connection with the workers' compensation case.

In addition, even if their proffered testimony triggers Rule 26's expert report requirement, Defendant substantially complied with that requirement. Although its compliance was not perfect, the information Defendant provided to Plaintiff is sufficient to avoid Plaintiff being prejudiced by allowing Shindell and Rizor to testify about their examination and diagnosis of Plaintiff. As a result, to the extent Defendant was required to provide a Rule 26 expert report for these witnesses, the Court finds that Plaintiffs Motions should be denied.

**SO ORDERED**, this the 10th day of March, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc

2